# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSE R. PADILLA,
    Plaintiff,

v.                                                            Case No. 19-C-1081

THOMAS G. NELSON, *et al.*,
    Defendants.

## ORDER

Plaintiff Jose R. Padilla, a Wisconsin inmate representing himself, filed a complaint under 42 U.S.C. § 1983. I screened the complaint and allowed the plaintiff to proceed on Eighth Amendment claims against defendants Thomas Nelson, Gwendelyn Vick, and an unknown "John Doe" defendant. Docket No. 9. The plaintiff now moves for appointment of counsel and "for guid[a]nce to do de[]position to defendants." Docket No. 12.

In a civil case, I have the discretion to recruit counsel for individuals unable to afford counsel. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising this discretion, I must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Pennewell v. Parish et al.,* 923 F.3d 486, 490 (7th Cir. 2019), (quoting

*Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007)). To satisfy the first element, the court must determine that a plaintiff made a good faith effort to hire counsel. *Pickett v. Chicago Transit Authority,* 930 F.3d 869, 871 (7th Cir. 2019). To do so, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

In particular, the lawyers' responses may have bearing on the court's decision to exercise its discretion because they may shed light on whether the plaintiff's attempts to hire counsel were reasonable. *Pickett*, 930 F.3d at 871. In deciding whether to recruit counsel, the court should consider the reasons the lawyer declined representation, including whether the plaintiff was unwilling (as opposed to unable) to pay a retainer; whether the lawyer lacked time or capacity to take on new clients; or whether the subject matter of the case requires a lawyer who specializes in a specific area of law. *Id.* The court should also consider how well the plaintiff articulated his case to the prospective lawyer. *Id.* Where a plaintiff "conveyed his situation well and counsel deemed the claim feeble, then it would be inappropriate for a court to intervene" and recruit counsel. *Id.* But, where a plaintiff is inarticulate, then a court "may have a useful role to play in recruiting counsel." *Id.*

When considering the second element, I "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell*, 923 F.3d at 490. A court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id.* This includes "all tasks that normally attend litigation,"

2

such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id.* at 490-491. I "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." *Pickett* 930 F.3d at 871.

The plaintiff alleges that he presented his case to an unspecified number of attorneys while he was litigating a different civil case. None of the attorneys agreed to take his other case or, presumably, this one. The plaintiff, however, has not provided the attorneys' information or submitted letters or other correspondence from any of the attorneys or law firms who declined to represent him in this matter. He therefore fails to satisfy the first element.

Nor does he satisfy the second element. I allowed the plaintiff to proceed on claims against three defendants, one of whom is not currently known. The facts are not complicated. He alleges that the John Doe defendant injured his arm while the plaintiff was being treated for cuts, Nelson failed to stop the John Doe from hurting the plaintiff, and Vick failed to treat the plaintiff's injuries afterwards. The plaintiff has firsthand information of all facts alleged, because he was the one suffering the alleged force, and of the injuries he suffered that required medical treatment that he did not get.

The plaintiff alleges that his comprehension of the English language is "OK to eleme[nta]ry level," which is a hurdle in this litigation. Nonetheless, he filings to date have sufficiently demonstrated his ability to comprehend the issues involved and to articulate

such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id.* at 490-491. I "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." *Pickett* 930 F.3d at 871.

The plaintiff alleges that he presented his case to an unspecified number of attorneys while he was litigating a different civil case. None of the attorneys agreed to take his other case or, presumably, this one. The plaintiff, however, has not provided the attorneys' information or submitted letters or other correspondence from any of the attorneys or law firms who declined to represent him in this matter. He therefore fails to satisfy the first element.

Nor does he satisfy the second element. I allowed the plaintiff to proceed on claims against three defendants, one of whom is not currently known. The facts are not complicated. He alleges that the John Doe defendant injured his arm while the plaintiff was being treated for cuts, Nelson failed to stop the John Doe from hurting the plaintiff, and Vick failed to treat the plaintiff's injuries afterwards. The plaintiff has firsthand information of all facts alleged, because he was the one suffering the alleged force, and of the injuries he suffered that required medical treatment that he did not get.

The plaintiff alleges that his comprehension of the English language is "OK to eleme[nta]ry level," which is a hurdle in this litigation. Nonetheless, he filings to date have sufficiently demonstrated his ability to comprehend the issues involved and to articulate

his arguments. He also alleges that "mental illness will be an obst[a]cle" but does not explain the nature of that illness or how it might affect his ability to represent himself. Moreover, that circumstance is unfortunately not unique to this plaintiff or this lawsuit. The plaintiff's filings and motions, at this early stage of the litigation, do not demonstrate that he lacks the competence to proceed in this lawsuit without the assistance of counsel.

The plaintiff also requests guidance for performing depositions of the defendants. Docket No. 12 at 1. Because the defendants have not yet responded to the plaintiff's complaint, this request is premature. Once the defendants have answered, I will enter a scheduling order with deadlines for discovery and dispositive motions. That order will include information about taking depositions and serving other requests for discovery.

**IT IS THEREFORE ORDERED** that the plaintiff's motion to appoint counsel (Docket No. 12) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the plaintiff's request for guidance on conducting depositions of the defendants is **DENIED**.

Dated at Milwaukee, Wisconsin, this 17th day of January, 2020

s/Lynn Adelman_____
LYNN ADELMAN
United States District Judge