JOSE R. PADILLA,
      Plaintiff,

v.                                      Case No. 19-C-1081

THOMAS G. NELSON, et al.,
      Defendants.

## ORDER

Plaintiff Jose R. Padilla, a Wisconsin state prisoner represented by counsel, filed this action under 42 U.S.C. § 1983. I screened the amended complaint and allowed him to proceed on four Eighth Amendment claims. The defendants move for summary judgment on the ground that the plaintiff failed to exhaust his available administrative remedies for three of his four claims. As explained below, I will **GRANT** the defendants' motion.

### I. BACKGROUND[1]

The plaintiff was a prisoner at Waupun Correctional Institution at the time of the alleged events. ECF No. 9 at 3. I allowed him to proceed on four claims: (1) Captain Thomas G. Nelson painfully bent his arm while he was receiving medical treatment for cuts on January 13, 2019; (2) Registered Nurse Gwendolyn Vick did not treat the injuries he suffered from Nelson; (3) Nelson and Officers Jason Layton, Brittany Woda, and Shayne Weigel did not call for medical treatment after the plaintiff swallowed razorblades; and (4) Inmate Complaint Examiner (ICE) Tonia Moon denied his inmate complaints. ECF No. 40, ¶ 1. The

---

[1] Facts in this section are taken from the defendants' proposed findings of fact and declaration in support of their motion for summary judgment, ECF Nos. 40–41, and the plaintiff's response, ECF No. 43. Although the plaintiff responded to the defendants' motion and brief, he did not respond to the defendants' proposed facts. I will therefore deem the defendants' facts admitted for purposes of this decision. *See* Civil L. R. 56(b)(4); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("We have consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission."). I will consider the proposed facts only to the extent they are supported by evidence in the record, *see* Fed. R. Civ. P. 56(c)(1), and will consider arguments in the supporting memorandum only to the extent they properly refer to the facts, *see* Civil L. R. 56(b)(6).

defendants do not contest that the plaintiff properly exhausted his administrative remedies for claim 1 against Nelson. ECF No. 39 at 1. They assert the plaintiff submitted no inmate complaints regarding claims 2 or 4 against defendants Vick and Moon. ECF No. 40, ¶ 2. They further contend that although the plaintiff submitted a complaint about claim 3 against Nelson and the officers, that claim was procedurally rejected for failing to provide sufficient supporting information. *Id.* ¶ 3. The rejection was upheld on appeal. *Id.*

The plaintiff agrees that he submitted a complaint about not receiving treatment after swallowing razorblades but asserts that "he filed a complaint, had it rejected, and then filed for a review of the complaint, therefore exhausting his options." ECF No. 43 at 1–2. He contends that he did file a complaint against Moon for denying his inmate complaints, that complaint was denied, and he appealed the denial "therefore exhausting his remedies." *Id.* at 2. He concedes that he did not file a complaint against Nurse Vick and agrees to dismiss his claim against her. *Id.* at 3.

A.     **Complaint 2019-2142 (Swallowing Razorblades)**

Both parties submitted a copy of inmate complaint #2019-2142, in which the plaintiff complained about his treatment after he swallowed razorblades. ECF No. 41-2 at 8; ECF No. 43-1 at 1. He does not name any specific officer but says he told "C/Os" that he had swallowed razorblades, and "they too[]k me to Observation but razor was still in my stomach." ECF No. 41-2 at 8. He alleges that, while in observation, he vomited the razorblades, repeatedly pressed the emergency call button, and used the blades to cut himself. *Id.* He says the officers ignored him and his calls for help, and he continued cutting himself "a lots of time [sic]." *Id.* ICE Moon rejected the complaint because there was no evidence the plaintiff had told any officer he swallowed the razors, and nothing in the emergency call log mentioned the plaintiff having swallowed razors. *Id.* at 2. Moon noted that observation staff monitored the plaintiff every fifteen minutes. *Id.*; *see id.* at 11–35 (Observation Log from January 13 to 17, 2019). She rejected the complaint under Wis.

Admin. Code § DOC 310.10(6)(d) because the plaintiff failed to "provide sufficient information to support a complaint." *Id.* at 2.

The plaintiff requested review of the rejected complaint, in which he asserted that Nelson had asked him about the razors several times on January 13, 2019, and that "the two officers" were present when he discussed the razors with the plaintiff. ECF No. 41-2 at 52. The warden affirmed Moon's rejection of the complaint for failing to provide sufficient information and did not review the merits of the complaint. *Id.* at 5.

**B.      Complaint 2019-2507 (Excessive Force)**

The plaintiff attached a copy of inmate complaint #2019-2507, which he says contains his claim against Moon. ECF No. 43 at 2–3; ECF No. 43-2. Contrary to the plaintiff's assertion, the complaint is not directed at Moon but instead alleges that unnamed officers pinched him on the arm, hit him in the face, and almost broke his wrist. ECF No. 43-2 at 1. The only mention of Moon is in the section instructing the plaintiff to explain how he attempted to resolve his issue, where he wrote that he "send request [sic] to T Moon Requesting help for this issue[.] I even wrote HSU manager and she forward the HSU request to security director/complaint examiner have other copies from this issu[e]." *Id.*

In his appeal of the denial of his complaint against the officers, the plaintiff says that the ICE who reviewed his complaint "twist the brief summary." ECF No. 43-2 at 2. He says he "prove to the ICE[,] the warden, security director and Capt did not did [sic] anything to resolve the issue." *Id.* He further states:

> The only trasparency [sic] is the ICE and the ICE desmiss [sic] my complaint with out a investigation [sic]. I even wrote the ICE T. Moon asking him If he can forward My Complaint of abuse to anybody the [sic] will do anything after I send the letter to the ICE, did not work and writing to warden security director Capt Why is forward to Brian Foster What is the difren [sic] between me claiming abuse and the ICE forwar [sic] the complain [sic] so my claim of abuse is not enoght [sic] to investigate[.]

*Id.* Neither party included the ICE report for this complaint or appeal. The plaintiff states he "filed a complaint . . . and then had the complaint denied at which time he filed an appeal, therefore exhausting his remedies." ECF No. 43 at 2.

## II. ANALYSIS

A party is entitled to summary judgment if it shows that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To survive a motion for summary judgment, a non-moving party must show that sufficient evidence exists to allow a jury to return a verdict in its favor. *Brummett v. Sinclair Broad. Grp., Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

Under the Prison Litigation Reform Act (PLRA), an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 93 (2006). Exhaustion requires that an inmate comply with the rules applicable to the grievance process at the inmate's institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The Court of Appeals for the Seventh Circuit applies a "strict compliance approach to exhaustion," *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006), and expects inmates to adhere to "the specific procedures and deadlines established by the prison's policy," *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015) (citing *Woodford*, 548 U.S. at 93). "Substantial

4

compliance with administrative remedies" does not satisfy the PLRA. *Farina v. Anglin*, 418 F.App'x 539, 543 (7th Cir. 2011) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001), and *Dole*, 438 F.3d at 809). Because exhaustion is an affirmative defense, the defendants bear the burden of proving that the plaintiff failed to exhaust. *See Pavey v. Conley*, 544 F.3d 739, 740–41 (7th Cir. 2008) (citing *Jones v. Bock*, 549 U.S. 199 (2007)).

Wisconsin has established the Inmate Complaint Review System (ICRS) to allow inmates to file complaints about the policies, rules, living conditions, and staff actions at their institutions. Wis. Admin. Code § DOC 310.06. Inmates must exhaust all administrative remedies that the Department of Corrections has promulgated by rule before commencing a civil action against an officer, employee, or agent of the DOC. *Id.*, § DOC 310.05. Before filing a formal complaint, an inmate must first attempt to resolve the issue informally within his institution. *Id.*, § DOC 310.07(1). If the issue is not resolved, the inmate must file an institutional complaint about the issue with the ICE within fourteen calendar days of the incident. *Id.*, § DOC 310.07(2). Each complaint "may contain only one clearly identified issue" and "must contain sufficient information for the department to investigate and decide the complaint." *Id.*, § DOC 310.07(5)–(6). The inmate must appeal any adverse decision within fourteen days of the ICE's decision and await a final decision from the Office of the DOC Secretary. *Id.*, §§ DOC 310.12 & 310.13.

A.     **Complaint 2142**

The plaintiff filed a complaint against defendant Nelson and unnamed officers, that complaint was procedurally rejected, and the rejection was affirmed on appeal. The defendants do not assert that the complaint did not properly name Officers Layton, Woda, and Weigel. They instead assert the plaintiff failed to exhaust his administrative remedies on this claim because, even though he grieved the issue, it was rejected for not providing sufficient information to support the complaint. ECF No. 39 at 4. They contend that because the grievance was rejected for failure to follow procedural requirements, and not on its merits, the grievance does not exhaust the plaintiff's administrative remedies for his claim

5

against Nelson and the officers who allegedly failed to obtain medical aid after he swallowed razorblades. ECF No. 44 at 2 (citing *Pozo*, 286 F.3d at 1025).

As noted, an inmate who fails to "follow the rules governing filing and prosecution of a claim" fails to exhaust his administrative remedies. *Pozo*, 286 F.3d at 1025. The issue in *Pozo* was whether an inmate who did not appeal the denial of his grievance in time had properly exhausted his claim. *Id.* The Court of Appeals analogized the question at issue to a collateral attack, noting that "if a state court accepts a belated filing, and considers it on the merits, that step makes the filing 'proper' for purposes of state law and avoids exhaustion, default, and timeliness hurdles in federal court." *Id.* (citing *Jefferson v. Welborn*, 222 F.3d 286 (7th Cir. 2000)). But if the state court "stands on its time limits and rejects the filing as too late, then state remedies have not been properly invoked." *Id.* (citing *Freeman v. Page*, 208 F.3d 572 (7th Cir. 2000)).

The defendants also cite an unpublished decision from the Western District of Wisconsin. ECF No. 44 at 2–3 (citing *Jones v. Frank*, No. 07-CV-141, 2008 WL 4190322, at *3 (W.D. Wis. Apr. 14, 2008)). That decision explains that an inmate complaint rejected for not containing sufficient information to support a complaint (the same reason the plaintiff's complaint was rejected) does not exhaust administrative remedies. *Jones*, 2008 WL 4190322, at *2–*3. Another court in this district cited *Jones* in concluding that where an inmate's complaint is *rejected* for procedural reasons, rather than *dismissed* after a determination on the merits, the inmate has failed to exhaust his administrative remedies. *McSwain v. Schrubbe*, No. 08-C-157, 2009 WL 728453, at *2 (E.D. Wis. Mar. 17, 2009).[2] The Court of Appeals affirmed the judgment of the district court and noted, regarding the exhaustion issue, "that state prisoners must comply with the procedures and standards

---

[2] The district court in *McSwain* cited Wis. Admin. Code § 310.11(5)(c), which appears to be the former version of what is now § 310.10(6)(d). *See id.* ("That complaint was rejected (rather than dismissed) for failure to comply with Wis. Admin. Code 310.11(5)(c), which requires complaints to allege sufficient facts upon which redress may be made… Wisconsin's prison grievance structure requires a certain level of specificity, and McSwain's complaint did not provide it.").

imposed by the applicable state (in this case Wisconsin)." *McSwain v. Schrubbe*, 382 F.App'x 500, 502 (7th Cir. 2010) (citing *Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002); and *Pozo*, 286 F.3d at 1025).

The decisions in *Pozo* and *McSwain* are instructive. The plaintiff's complaint was not dismissed on its merits but was rejected for procedural reasons—he failed to provide sufficient information to support his complaint, as Wisconsin's rules require. His appeal of the rejection was affirmed on the same procedural ground, not on the merits. In other words, although the plaintiff grieved this issue, that grievance did not strictly "comply with the procedures and standards imposed by the applicable state." *McSwain*, 382 F.App'x at 502.[3]

He therefore did not exhaust his administrative remedies on this claim before filing his federal lawsuit. The claim against Nelson and the officers for not obtaining medical aid for him after he swallowed razorblades must be dismissed accordingly.

**B.    Complaint 2507**

I allowed the plaintiff to proceed in this lawsuit on a claim that Moon "intentionally and wrongly denied his complaints to prevent him from exhausting his administrative remedies." ECF No. 22. But the plaintiff's second inmate complaint does not allege mishandling of his inmate complaints by Moon. He alleges that several officers pinched and hit him and almost broke his wrist. His only mention of Moon in the complaint is in the section where he describes how he attempted to resolve the issue (the officers' use of force on him). He says he sent a request to Moon for "help for this issue." ECF No. 43-2 at 1. It is not until the appeal of the dismissal of his complaint that he alleges Moon did not conduct an investigation, but that his request to her for one "did not work." *Id.* at 2.

---

[3] *See also Jones*, 2008 WL 4190322, at *3 (W.D. Wis. Apr. 14, 2008) ("Courts must give deference to prison officials regarding interpretation and application of their own grievance procedures so long as the procedures provide inmates with a meaningful opportunity to present grievances… I cannot conclude that the examiner's interpretation and application of the § 310.11(5)(c) requirement to plaintiff's grievance was clearly erroneous, arbitrary or intended to prevent plaintiff from exercising his right of access to the courts.").

To exhaust administrative remedies under Wisconsin's ICRS, "an inmate must first raise the issue by filing an inmate complaint at the institution level." *Hiler v. Pollard*, No. 07-C-863, 2009 WL 188027, at *3 (E.D. Wis. Jan. 27, 2009) (citing Wis. Admin. Code §§ 310.07(1), 310.09(1)). Raising an issue for the first time in the *appeal* of a dismissed complaint violates Wisconsin's procedural rules and does not equate to raising and exhausting the administrative remedies for that issue. *Id.* (citing *Pozo*, 286 F.3d at 1023) ("[A]n issue raised for the first time in an appeal . . . is not an exhausted issue.").

It is not enough that the plaintiff invoked Moon's name in his complaint against the officers. As I noted in the screening order, an inmate complaint examiner may not be held liable for ruling against an inmate on his grievance against other prison officials. ECF No. 22 at 6 (citing *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007)). The plaintiff's claim against Moon is not the same as his claim against the officers who allegedly used excessive force. Because the claim against the officers is the only claim he raised in his inmate complaint and appealed, that is the exhausted claim (although not one on which he is proceeding in this lawsuit). The defendants assert, and the plaintiff does not dispute, that the plaintiff did not file a separate inmate complaint against Moon for intentionally denying his inmate complaints. He therefore failed to exhaust his administrative remedies on that claim, which must be dismissed.

**C.     Nurse Vick**

The plaintiff concedes that he did not file an inmate complaint against Nurse Vick and agrees to dismiss his claim against her. ECF No. 43 at 3. This claim, and his other unexhausted claims, will be dismissed without prejudice for failure to exhaust administrative remedies. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (explaining that "*all* dismissals under § 1997e(a) should be without prejudice").

**D.     Jane/John Doe**

As a final matter, the plaintiff does not contest the defendants' description of his four claims in this lawsuit. Absent from that description is the plaintiff's claim(s) against the

Jane/John Doe defendant(s). I noted in the screening order that the plaintiff had alleged multiple claims against John Doe officers. ECF No. 22 at 7–8. I instructed the plaintiff "to use discovery to learn the name(s) of the John Doe defendant(s)" after the court entered a scheduling order setting deadlines for discovery and dispositive motions. *Id.* at 7. The court entered the scheduling order on May 5, 2020. ECF No. 31. Since then, the plaintiff has not moved to substitute the defendants' names for the John Doe placeholder or otherwise made any effort to identify the Doe(s). Nor does he mention any putative claims he has against the Doe defendant(s) in his response materials. Given the plaintiff's failure to prosecute his claim(s) against the John Doe defendant(s), it appears he has abandoned those claims. I will therefore dismiss the Jane/John Doe defendant(s) from this lawsuit for the plaintiff's failure to diligently prosecute. *See* Civil L. R. 41(c).

The only remaining claim is the plaintiff's Eighth Amendment claim against Captain Nelson. I will enter a separate order setting new deadlines for the parties to complete discovery and submit dispositive motions on the remaining claim against defendant Nelson.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that the defendants' motion for partial summary judgment on exhaustion grounds (ECF No. 38) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants Gwendolyn Vick, Joseph Layton, Shayne Weigel, Brittany Woda, and Tonia Moon are **DISMISSED WITHOUT PREJUDICE**. The clerk shall terminate those defendants from the docket.

**IT IS FURTHER ORDERED** that Jane/John Doe is **DISMISSED**. The clerk shall terminate the Jane/John Doe placeholder from the docket.

Dated at Milwaukee, Wisconsin this 30th day of March, 2021.

        s/Lynn Adelman
        LYNN ADELMAN
        United States District Judge